

## NUMBER

## 13-14-00249-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

JUAN VELA,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                     Appellee.

**On appeal from the 28th District Court
of Nueces County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Justice Longoria**

By one issue, appellant Juan Vela challenges his conviction for three counts of

aggravated robbery.  *See* TEX. PENAL CODE ANN. § 29.03 (West, Westlaw through 2013

3d C.S.). We affirm as modified.

## I. BACKGROUND

Testimony at trial revealed the following facts. In the morning of October 5, 2013, a man described by witnesses as wearing a blue baseball cap, blue fleece sweater, black shorts, long socks, tennis shoes, and sunglasses robbed a Dollar General store in Corpus Christi, Texas by threatening the employees on duty with a knife. Amy Leija, one of the two employees present, sustained a small cut on her hand during the robbery. Leija testified that she observed the perpetrator carrying detergent and a lighter. Both Leija and Lamar Luna, another Dollar General employee, identified appellant in separate photo lineups. An eyewitness told police that the perpetrator departed in a black Ford Explorer.

Less than an hour later, a man described by witnesses as wearing a black beanie, black sunglasses, blue jeans, a long-sleeve blue shirt, latex gloves, and a backpack robbed the MoneyCenter located inside a Wal-Mart near Greenwood Drive in Corpus Christi, Texas. Katherine Pina, a crime scene investigator with the Corpus Christi Police Department, testified that someone had set fire to rolls of toilet paper in one of the store aisles. Pina testified that there was a "very strong odor of detergent" and a blue liquid on the floor near the fire. Dianna Torres, an employee of the MoneyCenter present at the time, was unable to identify appellant in a lineup, but Ramiro Sanchez and Cynthia Tijerina, two Wal-Mart customers present that day, identified appellant in the courtroom as the person who robbed the MoneCenter. Jacob Reyna, another Wal-Mart employee, reported that the perpetrator left in a blue four-door Ford Explorer.

At 2:25 p.m. on the same day, Corpus Christi police responded to a vehicle accident involving appellant. Appellant, who was driving a blue Ford Explorer, was

2

ticketed for not carrying a driver's license and failing to control his speed. The next day, Leija saw a photo posted on Facebook by another person involved in the car accident. She recognized the person in the photograph, appellant, as the person who robbed the Dollar General.

The State charged appellant by indictment with three counts of aggravated robbery. *See id.* Appellant announced "ready" on Counts 1 and 2 (which related to the robbery at the Dollar General) and moved to sever Count 3 (which related to the robbery at the Wal-Mart). *See id.* § 3.04 (West, Westlaw through 2013 3d C.S.) (providing that a defendant "shall have a right to a severance" when two or more offenses are consolidated under section 3.02). Following a brief argument, the trial judge denied the motion, and all three charges were tried to a jury. The jury returned a verdict of guilty, found both enhancement paragraphs to be true, and assessed concurrent sentences of forty-five years' imprisonment in the Texas Department of Justice—Institutional Division and a $1,000 fine on each count. Appellant timely filed a notice of appeal.

## II. SEVERANCE

Appellant argues in his sole issue that the trial court committed harmful error by denying his motion to sever Count 3 from the other two counts.

### A. Standard of Review and Applicable Law

Section 3.04 of the penal code allows a defendant to obtain a severance of most criminal charges that have been consolidated for trial under section 3.02. *See* TEX. PENAL CODE ANN. §§ 3.02, 3.04 (West, Westlaw through 2013 3d C.S.). We review the denial of a motion to sever for abuse of discretion. *Werner v. State*, 412 S.W.3d 542, 546 (Tex. Crim. App. 2013). Unless the charges fall into one of the statutory exceptions, none of

3

which are relevant here, the defendant's right to a severance is "absolute" and the trial judge has no discretion to deny the motion. *Id.* at 546–47. This rule reflects two concerns: that the jury will convict a defendant because of his prior or subsequent misdeeds, or that the jury will infer that because the accused committed other crimes, he probably committed the charge offense. *Id.* at 547.

If the trial court erroneously denied a motion to sever, we review the record for harm under the Rule 44.2(b) standard for non-constitutional error. *Id.*; *see* TEX. R. APP. P. 44.2(b). Under this standard, appellate courts must disregard the error unless it affected the appellant's substantial rights. *Werner*, 412 S.W.3d at 547. Neither party has the burden to demonstrate harm; "instead, we assess harm after reviewing the entirety of the record, including the evidence, jury charge, closing arguments, voir dire, and any other relevant information." *Id.* (citing *Schultz v. State*, 63 S.W.3d 442, 444–45 (Tex. Crim. App. 2001)). The Texas Court of Criminal Appeals has explained that the error is more likely to be harmful when there is little or no overlap of evidence between the charges, meaning that evidence from one trial would not be admissible in a separate trial on the severed charges. *Id.* at 547–48; *compare Llamas v. State*, 12 S.W.3d 469, 471–72 (Tex. Crim. App. 2000) (holding, in a prosecution for possession of cocaine and for an unrelated motor-vehicle charge, that denying a severance was harmful error because a jury in a separate trial on the motor-vehicle charge would have heard nothing of the drug evidence, and where several members of the venire panel commented that hearing evidence of the drug charge would "color" their deliberations on the motor-vehicle charge) *with Scott v. State*, 235 S.W.3d 255, 260–61 (Tex. Crim. App. 2007) (holding that denying a severance of child pornography charges was harmless error because evidence

4

supporting the charges for inducing the sexual performance of a child and promoting a sexual performance by a child would have been admissible in a separate prosecution on the charges for possession of child pornography).  Another relevant factor to take into consideration is whether the defendant's trial strategy would have been different if the severance was granted.  *See Werner*, 412 S.W.3d at 548 n.35; *Scott*, 235 S.W.3d at 261.

## B. Discussion

We agree with appellant that the trial court abused its discretion when it erroneously denied his request for a severance.[1]  Appellant made a timely request which apprised the court that he wished to invoke his "absolute right" to a severance, and it was error for the trial court to deny it.  *See Werner*, 412 S.W.3d at 546.

Having found error, we begin our harm analysis by assessing the extent that the evidence supporting the charges overlapped.  *See id.* at 547 (describing the overlap of evidence as "the most important factor" in this analysis)*.*  Appellant asserts that there was no overlapping evidence:  the State called different witnesses for the robbery at the Dollar General than it did for the one at the Wal-Mart; the knife the Wal-Mart perpetrator used was not the one used in the Dollar General robbery but was stolen from Wal-Mart the same day; and eyewitnesses gave differing descriptions of the perpetrator's clothes and

---

[1] The State argues that appellant did not properly request a severance because appellant requested that the trial court sever Count 3 from Counts 1 and 2, and there is no right to severance of only some of the charges.  However, the State does not explain how the language of section 3.04 makes the right to severance an all-or-nothing proposition and does not provide any case law in support of its argument.  *See* TEX. PENAL CODE ANN. § 3.04(a) (West, Westlaw through 2013 3d C.S.).  We also note that the Texas Court of Criminal Appeals addressed without comment an appeal from a denied severance motion that covered only a portion of the charges against the defendant.  *See Scott v. State*, 235 S.W.3d 255, 256–57 (Tex. Crim. App. 2007) (addressing defendant's appeal of the denial of his motion to sever three charges for possession of child pornography from six charges for inducing a sexual performance by a child and promoting a sexual performance by a child and reviewing for harmful error).  We will follow the Texas Court of Criminal Appeals' lead and address whether denying appellant his requested severance was harmful error.  *See id.*

5

of the vehicles in which they departed both locations. Appellant analogizes his case to *Llamas*, where the defendant was tried for two unrelated charges arising out of the same contact with police. *See* 12 S.W.3d at 469–70.

We disagree that *Llamas* is favorable to appellant. A jury in a separate trial on the motor-vehicle charge in *Llamas* "would not have heard the evidence of appellant's cocaine charge" that was admitted in the consolidated trial. *Id.* at 472. This case is more akin to *Scott*, where the evidence from the original proceedings would still be admissible in a separate trial if the severance had been granted. *See* 235 S.W.3d at 260–61. Evidence of extraneous offenses or bad acts may be admissible for the purpose of showing identity if that is at issue in the case.[2] TEX. R. EVID. 404; *see Johnson v. State*, 68 S.W.3d 644, 650 (Tex. Crim. App. 2002). To be admissible for this purpose, extraneous-offense evidence "must be so similar to the charged offense as to mark the offenses as the defendant's handiwork." *Johnson*, 68 S.W.3d at 650–51. Courts take into account both the specific characteristics of the offenses and the time interval between them; the required connection between the offenses can be less exact if they occurred within a "very short period of time." *Id.* at 651 & n.25. In this case, both robberies occurred within little more than an hour of each other. In each, the perpetrator used a knife to subdue employees of both the stores and threatened them by stating that he had a gun concealed in his backpack.[3] *See Dickson v. State*, 246 S.W.3d 733, 742–43 (Tex. App.—

---

[2] Appellant put identity at issue in both cases by pursuing a defensive strategy of attacking the strength of the witness identifications.

[3] These similarities distinguish appellant's case from *Rojas-Diaz v. State*, appellant's main authority. No. 05-08-01580-CR, 2010 WL 1532411, at *1 (Tex. App.—Dallas Apr. 19, 2010, no pet.) (mem. op, not designated for publication). *Rojas-Diaz* involved an aggravated robbery and a burglary that occurred two months apart, in different zip codes in the city, at different times of the day, and that involved different methods of committing the offenses. *See id.* at *3.

Houston [14th Dist.] 2007, pet. ref'd) (holding, in trial for aggravated robbery, that evidence of extraneous robbery was admissible to show identity because both were committed on the same day in a similar manner: the perpetrator approached the complainants as they walked from their apartments and threatened them with a firearm) (citing *Ransom v. State*, 503 S.W.2d 810, 813–814 (Tex. Crim. App. 1974)). Furthermore, the evidence that witnesses at the Dollar General robbery observed appellant carrying a lighter and detergent, and Pina's testimony that the Wal-Mart fire smelled of detergent and that there was blue liquid on the floor nearby, would have been admissible in a separate trial for the robbery at Wal-Mart to show appellant's identity as the person who started the fire. *See Segundo v. State*, 270 S.W.3d 79, 88 (Tex. Crim. App. 2008) (holding that a unique characteristic common to the charged offense and the extraneous offense can be admissible to show identity); *see also Johnson*, 68 S.W.3d at 650. Even though eyewitnesses observed some differences in the clothing worn by the perpetrators in both locations, these differences are immaterial. *See Dickson*, 246 S.W.3d at 743 (observing that "[s]ome dissimilarities between the charged crime and the extraneous offense do not automatically make the extraneous offense inadmissible") (citing *Ransom,* 503 S.W.2d at 813–14).

Appellant's next argument for harm is that because the evidence for the Dollar General robberies and the evidence for the robbery at Wal-Mart are not overwhelming when taken alone, the denial of the severance prevented him from having individual juries consider only the evidence for each offense. As we have already explained, evidence from the robberies at the Dollar General would have been admissible in a separate trial for the robbery at Wal-Mart. The prosecutor in a separate trial thus would have been able

7

to mention that evidence and the jury would have been aware of it. Finally, and most notably, while appellant argues that his defensive strategy "could have changed" if granted a severance, he does not explain how except to argue that his pre-existing defensive strategy, calling into question the strength of the witness identifications, could have been more effective. *See Scott*, 235 S.W.3d at 261 (holding that Scott's failure to show how his defensive strategy would have been different if the severance had been granted indicated that there was no harm).[4]

Appellant next argues that it is relevant that the jury charge stated that appellant was charged with committing the three offenses on the same day. Appellant did not object to the jury charge and, as we explained above, the jury in a separate trial for the Wal-Mart robbery would have been aware of the evidence from the robbery at the Dollar General. During voir dire, one venireperson stated that his deliberations would be affected by the fact that appellant was charged with multiple offenses, but that venireperson was not chosen for the jury and no other member of the panel expressed the same concerns.

Under the specific facts of this case, with so much overlap in the evidence used to support the charged offenses, we cannot say that the trial judge's error in refusing to sever Count 3 adversely affected appellant's substantial rights. *See Werner*, 412 S.W.3d at 552; *Scott*, 235 S.W.3d at 261. We accordingly overrule appellant's sole issue.

---

[4] Appellant argues that if he had been granted a separate trial on Count 3 his counsel presumably would have been ready for trial on that count. However, counsel specifically told the court that he was not ready for trial to preserve the severance issue for appeal, and he did not file a sworn motion for a continuance. *See Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (holding that a defendant who does not file a sworn motion for continuance waives error).

### III. Modification

The State has brought to our attention an error in the judgment of conviction. The jury assessed a $1,000 fine as part of the punishment for each offense, but the habitual-offender statute under which appellant was sentenced does not permit the imposition of a fine. *See* Tex. Penal Code Ann. § 12.42(d) (West, Westlaw through 2013 3d C.S.). Article 37.10 of the code of criminal procedures requires appellate courts to reform a verdict and judgment containing unauthorized punishment. Tex. Code Crim. Proc. Ann. art. 37.10(b) (West, Westlaw through 2013 3d C.S.); *see Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A trial or appellate court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence."). Accordingly, we reform the verdict and modify the judgment of conviction to delete the unauthorized fines assessed in this case. *See Mizell*, 119 S.W.3d at 806; *see also Frias v. State*, No. 03-12-00463-CR, 2014 WL 3410592, at *10 (Tex. App.—Austin July 10, 2014, pet. ref'd) (mem. op., not designated for publication) (using article 37.10 to delete a fine unauthorized by the enhancement statute).

### IV. Conclusion

We affirm the trial court's judgment as modified in this opinion.

NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
12th day of March, 2015.